UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRADLEY TRENT KETTERLING,<br><br>Defendant. | Case No. 1:20-cr-00236-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is Defendant Bradley Trent Ketterling's Motion for Release from Custody (Dkt. 40) seeking compassionate release pursuant to 18 U.S.C. § 3582(c). The Government has filed a response opposing the Motion. Dkt. 42. After considering the briefing and record, the Court will deny the Motion without prejudice.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

On March 2, 2021, Mr. Ketterling pled guilty to distribution of methamphetamine having sold methamphetamine on three occasions to a confidential source. Dkts. 18; 23. On May 27, 2021, the Court imposed a below guideline sentence of 24 months of incarceration to be followed by three years of supervised release. Dkts. 37; 38. He is currently incarcerated at FCI Sheridan with a projected release date of December 14, 2022. *See* https://www.bop.gov/inmateloc/ (last accessed July 1, 2022). He is scheduled to be released to the Port of Hope for four months prior to that on August 18, 2022.

On May 23, 2022, Mr. Ketterling requested compassionate release in order to care for his mother who lives alone and has exhausted her cancer treatment options.

The Government opposes release on the grounds that Mr. Ketterling has failed to exhaust his administrative remedies. Mr. Ketterling subsequently submitted a letter stating that he had twice filed a request with the Warden seeking compassionate release but had not received a response. Dkt. 43. He did not provide a copy of either request.

## LEGAL STANDARD

A court generally "may not modify a term of imprisonment once it has been

imposed." 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Compassionate release is a noted exception to that rule.

To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. 18 U.S.C. § 3582(c)(1)(A). A defendant must have first "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf" or thirty days must have elapsed "from the receipt of such request by the warden of the defendant's facility, whichever is earlier." *Id*.

"[A] district court must enforce the administrative exhaustion requirement . . . when the government properly invokes the requirement." *United States v. Keller*, 2 F.4th 1278, 1280 (9th Cir. 2021). *See also United States v. Alam*, 960 F. 3d 831, 833; 835 (6th Cir. 2020) (affirming dismissal of motion for compassionate release without prejudice where government timely objected to failure to exhaust); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (finding remand to the district court to consider compassionate release request was futile given the defendant's failure to exhaust and the "glaring roadblock" that the exhaustion requirement presents).

Although Mr. Ketterling states that he twice requested release through the warden, that statement alone is not sufficient to establish that he exhausted his

**MEMORANDUM DECISION AND ORDER - 3**

administrative remedy. Therefore, the Court is precluded from considering his Motion at this time.

Mr. Ketterling may file another motion after he has requested the warden of his facility to move for compassionate release on his behalf and has either fully exhausted all administrative rights to appeal the failure of the warden to do so, or thirty days have elapsed since the warden of his facility received his compassionate release request.

## ORDER

**IT IS ORDERED that** Defendant Bradley Trent Ketterling's Motion for Release from Custody (Dkt. 40) is **DENIED WITHOUT PREJUDICE**.

DATED: August 12, 2022

_____
B. Lynn Winmill
U.S. District Court Judge